IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SUMMER V.,

               Plaintiff,

   v.                                         Civil Action No.
                                             3:18-CV-0504 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

               Defendant.

---

APPEARANCES:                       OF COUNSEL:

FOR PLAINTIFF

LACHMAN, GORTON LAW FIRM      PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

FOR DEFENDANT

HON. GRANT C. JAQUITH           ALEXANDER BROCHE, ESQ.
United States Attorney for the      PRASHANT TAMASKAR, ESQ.
Northern District of New York       Special Assistant U.S. Attorneys
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was conducted in connection with those motions on March 26, 2019, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: March 27, 2019
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
SUMMER V.,

                           Plaintiff,

vs.                                         18-CV-504

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                           Defendant.

------------------------------------------------------x

                 DECISION - March 26, 2019

     James Hanley Federal Building, Syracuse, New York

               HONORABLE DAVID E. PEEBLES

       United States Magistrate-Judge, Presiding



              A P P E A R A N C E S (by telephone)

For Plaintiff:      LACHMAN, GORTON LAW FIRM
                    Attorneys at Law
                    1500 East Main Street
                    Endicott, New York 13761
                      BY:  PETER A. GORTON, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  ALEXANDER BROCHE, ESQ.




                 Eileen McDonough, RPR, CRR
               Official United States Court Reporter
                       P.O. Box 7367
                   Syracuse, New York 13261
                       (315)234-8546
```

1      THE COURT:  This is an action brought by the
2 plaintiff pursuant to 42, United States Code, Section 405(g)
3 to challenge a decision by the Acting Commissioner denying
4 her application for disability insurance benefits.
5      The background is as follows.  The plaintiff was
6 born in July of 1980.  She is currently 38 years old.  She
7 stands either 5-foot-6 or 5-foot-7 inches, depending on the
8 record that you look at.  Her weight has fluctuated from as
9 little as 230 pounds, that's at page 436; 244 pounds at 442;
10 and 275 to 285 based on her hearing testimony.  She is
11 clearly obese.
12      Plaintiff is right-handed.  She has lived in both
13 Syracuse and Binghamton.  At various times she has lived with
14 her parents, including 2012 to 2014, then with a boyfriend,
15 then again with her parents.  She has no children under the
16 age of 18.  Plaintiff is a high school graduate and has a
17 driver's license.
18      In terms of her work history, she worked at Macy's
19 from 2000 to 2003 as a cashier; Rite Aid from 2003 to either
20 2006 or 2008, she was at first a cashier and then a shift
21 supervisor.  She has also worked part time in 2012 and 2013
22 as a cashier, although not to a substantial gainful activity
23 level.  She also worked as a bus monitor from December 2010
24 to June 2011, and as a restaurant hostess for a couple of
25 months in 2010.

1　　　　　Physically plaintiff suffers from lower back pain,
2　which, according to her, radiates into her right lower
3　extremity. Magnetic resonance imaging, or MRI, testing on
4　January 22, 2013 reflected degenerative disc disease and
5　specifically degenerative changes and a disc bulge at L4-L5.
6　She has rated her pain as between 5 on a scale of 10 to 10 on
7　a scale of 10. To address her pain she uses Ibuprofen and
8　has been prescribed some muscle relaxers, including Flexeril,
9　and in the past also Neurontin, Norflex, Foradil and
10　Naproxen. She has treated in the past with Dr. Matthew
11　Bennett, an orthopedic surgeon, and Nurse Practitioner Carlie
12　Long in that office from 2013 to 2016.
13　　　　　Her primary was Jerome Mikloucich -- I wish I could
14　pronounce that name -- and another individual in that same
15　office where she has treated since February 2012. The
16　plaintiff also suffers from some mild sleep apnea, for which
17　she has been prescribed Ambien; GERD, which is medically
18　managed; as I said, obesity, and also headaches, although
19　there is no diagnosis and/or significant testing prior to the
20　last date of insured status.
21　　　　　Plaintiff smokes a half pack of cigarettes a day.
22　In terms of daily activities, she drives, she shops, she
23　dresses, showers, cooks, does laundry, watches television.
24　She states that her boyfriend primarily does the cleaning.
25　　　　　Procedurally, plaintiff applied for Title II

1  benefits on March 25, 2015, alleging a disability onset date
2  of June 1, 2011.  In her functional report she claimed
3  disability based on back pain, a pinched nerve in her leg,
4  migraines, and sleep apnea.  That's at page 151 of the
5  Administrative Transcript.
6       A hearing was conducted by Administrative Law Judge
7  Elizabeth Koennecke on March 27, 2017.  ALJ Koennecke issued
8  a decision on May 1, 2017 that was unfavorable to the
9  plaintiff.  That became the final determination of the Agency
10 on March 21, 2018 when the Social Security Administration
11 Appeals Council denied plaintiff's request for review.
12      In her decision ALJ Koennecke applied the familiar
13 five-step sequential test for determining disability.  She
14 first concluded that although plaintiff had worked in 2012
15 and 2013, she had not engaged in substantial gainful activity
16 during the relevant time period, which is June 1, 2011 to
17 September 30, 2014.
18      At step two she concluded that plaintiff suffers
19 from severe impairments that provide at least some limitation
20 of her ability to perform basic work function, including
21 obesity and back impairment.
22      At step three she concluded that plaintiff's
23 conditions did not meet or medically equal any of the listed
24 presumptively disabling conditions set forth in the
25 Commissioner's regulations, specifically considering listing

1.04, and indicating that she also took into account plaintiff's obesity.  After surveying the evidence, the Administrative Law Judge concluded that plaintiff has the residual functional capacity essentially to perform a full range of sedentary work.

At step four ALJ Koennecke concluded that plaintiff is unable to perform the exertional requirements of her past relevant work.

At step five she concluded based on the Medical-Vocational Guidelines, or the Grids, and specifically Grid Rule 201.28, that a finding of no disability was required.

As you know, my task is limited, my role is extremely deferential.  I must determine whether correct legal principles were applied and the determination is supported by substantial evidence and such evidence that reasonable minds would consider adequate to support a conclusion.

I have to say that I wrestled with this case somewhat because it suggests to me that a finding of no disability could be compelled by the medical evidence.  I'm not a doctor, however, and neither is ALJ Koennecke, and there are certain problems that I see with her decision, and specifically in the area of reaching.  Dr. Jenouri at page 448 limited plaintiff to reaching frequently.

1  Dr. Mikloucich at 370 limited it to occasionally.
2  It's very clear from the Social Security Ruling
3  85-15 that reaching is something that is required in most
4  jobs, including sedentary work.  Specifically, SSR 85-15
5  states, "Reaching (extending the hands and arms in any
6  direction) are activities required in almost all jobs.
7  Significant limitations of reaching or handling, therefore,
8  may eliminate a large number of occupations a person could
9  otherwise do.  Varying degrees of limitations would have
10 different effects, and the assistance of a vocational expert
11 may be needed to determine the effects of the limitations."
12 In this case the opinion of Dr. Mikloucich is a
13 treating source opinion; it was not referenced in the
14 decision of ALJ Koennecke.  The opinion of a treating
15 physician ordinarily concerning the nature and severity of an
16 impairment is entitled to considerable deference, provided it
17 is supported by medically acceptable clinical and laboratory
18 diagnostic techniques and is not inconsistent with other
19 substantial evidence.  When such opinions are not regarded as
20 controlling, the regulations specifically require that the
21 ALJ determine the degree of weight to be assigned to the
22 opinion and consider specified factors set forth in 20 CFR
23 Section 404.1527.
24 In this case Dr. Mikloucich's opinion was not
25 mentioned.  The Commissioner does a good job of defending the

1  rejection of Dr. Mikloucich's opinion concerning reaching.
2  The portion of the brief that does that is a discussion that
3  I would expect to see in the ALJ's opinion.  It's lacking.
4  And on that basis I am not able to adequately judicially
5  review and determine whether the rejection of the limitation
6  on reaching is supported by substantial evidence.  And that
7  is clear error.
8          I understand the Commissioner's point of view
9  concerning check-the-box forms and clearly this Court and
10  other courts have stated that such forms are entitled to less
11  weight than narrative forms that not only give an opinion but
12  give support for the opinion; however, it can't be
13  disregarded altogether on that basis alone.
14          I also note that although one could perhaps infer
15  that the Administrative Law Judge considered and rejected the
16  portion of Dr. Bennett's opinion concerning the amount of
17  time off task, again that is not mentioned and there is no
18  explanation as to why that would be rejected.  The Second
19  Circuit specifically addressed a situation like this where
20  both the treating source opinion was improperly rejected and
21  opinions concerning absenteeism and off task were rejected.
22  *Rugless versus Commissioner of Social Security*, 548 F. App'x
23  698, it's a 2013 decision.  And I think it was error for
24  Administrative Law Judge Koennecke not to state why she did
25  not follow that portion of the opinion.

1    So for these reasons I believe error was committed.
2 I will grant judgment on the pleadings to the plaintiff
3 without a directed finding of disability and remand the
4 matter to the Agency for further consideration.  Thank you
5 both for excellent presentations.
6            *            *            *

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter